Dear Mr. Degenhardt:
You advise this office that an individual works as a full-time and as a part-time fire fighter for two different fire protection districts within Calcasieu Parish. The following questions have arisen out of this circumstance:
 1. Due to inadequate funding to hire full-time firefighters, can a full-time employee of one fire protection district work on a part-time basis in another district without violating the FLSA and the over-time clause? The firefighter will work an average of 53 hours per week for his full time employer and will work approximately 48 hours a week as a part-time employee with another Fire Protection District.
 2. Will the employee have any conflicts or ethical problems if he/she works for two different political subdivisions of the state as a full-time employee for one agency and part-time for the other agency? Specifically, fire protection districts.
In response to your first question, we initially make reference to the federal Fair Labor Standards Act. The Fair Labor Standards Act, at29 U.S.C. § 207(a), provides no employee shall work longer than forty hours a week unless he receives compensation at a rate of not less than one and one-half times the regular rate at which he is employed.
There are certain exceptions. R.S. 29 U.S.C. § 207(K) establishes an exception with respect to any employee in fire protection activities or any employee in law enforcement wherein it is provided as follows:
 No public agency shall be deemed to have violated sub-section (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the less of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty or employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975.
 (2) in the case of such an employee to whom a work period of at lest 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1) bears to 28 days.
In Attorney General Opinions 00-0118 and 97-431 this office observed that law enforcement and fire protection employees are not governed by that section of the Federal Fair Labor Standards Act that provides for payment of time and a half for time worked in excess of forty hours; it was further observed that whether the officers qualify for overtime will depend upon the amount of time they worked over 171 hours in a 28 day period.
In the cited opinions this office concluded that the Fair Labor Standards Act allows employees of a political subdivision of a state to receive, in lieu of overtime compensation, compensatory time off at a rate of not less than one and one-half for each hour of employment for which overtime compensation is required. This result is contingent upon a pre-existing agreement stating that there be compensatory time in lieu of cash payment where overtime is performed. See Attorney General Opinions 00-0118 and 97-431.
Thus, in response to your first question, the FLSA is invoked where the firefighter works over 171 hours in a 28 day period.
In response to your second question, the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., define "part-time" and "full-time" employment in R.S. 42:62(4) and (5):
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
An individual is prohibited from holding two "full-time employments" by R.S. 42:63(E), providing:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
In response to your second question, the firefighter in question needs to reduce his "part-time" position to less than 35 hours per week; otherwise, he violates the cited prohibition.
We hope the foregoing is helpful to you. Should you have other questions in which you require assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: October 30, 2003
OPINION NUMBER 00-118
MAY 16, 2000
29 U.S.C. § 207
58 Labor — Labor Laws 77 Officers
Mr. Huey W. Guillory Chief of Police Town of Port Barre P.O. Box 1379 Port Barre, LA 70577
Under the Fair Labor Standards Act there can be an agreement with employees to provide compensatory time off for overtime worked.
Dear Chief Guillory:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for overtime for your employees. You indicate your dispatcher/jailers work 12 hour shifts on hourly wages at an 84 hour pay period, and when one is ill or takes leave, it is sometime difficult to find part-time replacements. Some of your staff have expressed a desire to work extra hours for compensatory time (K-time), and you would like to have this arrangement, inasmuch as your budget cannot handle the pay for overtime. Accordingly your ask the following question:
Can these extra hours be earned as K-Time or does it require overtime pay?
In response to your inquiry we find it pertinent to point out that wherein the Fair Labor Standards Act 29 U.S.C. § 207 (a) provides no employee shall work longer than forty hours a week unless he receives compensation at a rate of not less than one and one-half times the regular rate at which he is employed, there are certain exceptions. R.S.29 U.S.C. § 207 (K) establishes an exception with respect to any employee in fire protection activities or any employee in law enforcement wherein it is provided as follows:
 No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(C)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty or employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975.
 (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of-hours referred to in clause (B) of paragraph (1) bears to 28 days.
In Atty. Gen. Op. No. 97-431 this office observed that law enforcement and fire protection employees are not governed by that section of the Federal Fair Labor Standards Act that provides for payment of time and a half for time worked in excess of forty hours, and whether the officers qualify for overtime will depend upon the amount of time they worked over 171 hours in a 28 day period.
It was further observed that the Fair Labor Standards Act allows employees of a political subdivision of a state to receive in lieu of overtime compensation, compensatory time off at a rate of not less than one and one-half for each hour of employment for which overtime compensation is required when an agreement exists before the overtime was performed that there be compensatory time in lieu of cash payment.
The Department of Labor has confirmed that 171 hours in a 28 day period is still the number of hours set by the Secretary in accordance with29 U.S.C. § 207 (K).
Therefore, recognizing that employees in law enforcement activities are an exception for overtime after forty hours, we find under the Fair Labor Standards Act for any overtime there can be an agreement with employees to provide compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required pursuant to 29 U.S.C. § 207 (o) rather than having to pay for overtime.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ______________________ BARBARA EDGE Assistant Attorney General RPI/bbr
OPINION 97-431
JANUARY 08, 1998
77 — Officers Local Municipal R.S. 33:381.1
R.S. 33:422
R.S. 33:423
The office of an elected Chief of Police in a Lawrason Act Community cannot be abolished but the funds of the police department are controlled by the budget set by the governing authority. Law Enforcement officers are not governed by the same overtime provisions as other municipal employees under Federal law.
Mr. George L. King Chief of Police Town of Jena Police Dept. P.O. Box 1775 Jena, LA 71342
Dear Chief King:
This office is in receipt of your request for an opinion of the Attorney General in regard to the operation of the police department for the Town of Jena. You indicate you are serving your fourth term as the elected Chief of Police for the Town of Jena, but it has been brought to your attention that the mayor and council are considering closing the police department which consists of yourself and five others. In light of this, you ask the following questions:
 1. Does the Mayor and Council have authority to close the police department;
 2. Is a police department suppose to be a self-sufficient department, operating on funds derived from fines, tickets and citations written; and
 3. Does the Mayor and Council have the authority to set working hours for the department.
It is our understanding that Jena is a Lawrason Act community, and in Atty. Gen. Op. No. 90-490 this office recognized the office of chief of police is established by law in R.S. 33:381.1. Accordingly, it was stated as follows:
 It cannot be abolished without express legislative authorization. The Town Council has no legal authority to eliminate this office created by general state law."
Although the office of Chief of Police cannot be abolished or his compensation reduced during the current term of office, the operation of the department can be controlled in part by the governing authority insofar as they approve the budget to finance the department. While the elected chief of police has the inherent authority to control the operation of the police department and its funds said funds are required to be budgeted and appropriated pursuant to municipal ordinances before they fall within his control. Establishing a municipal budget is vested exclusively with the Mayor and Council. Therefore, while it cannot be said that a police department must be self-sufficient, it is obviously a matter that will be considered by the governing authority in formulating a municipal budget. Moreover, the fines collected from tickets issued by police are deposited into the city treasury in accordance with R.S. 33:422, and as stated in Atty. Gen. Op. No. 95-118, the deposit is with "no specific designation for exclusive use of the funds for law enforcement purposes." It was observed that in the absence of a local ordinance, "expenditure of fines levied from police tickets remain at the discretion of the local mayor or town council." It was then concluded, "Thus, it is the opinion of this office that a local government is not required under state law to release funds generated by ticket fines to the chief of police to use exclusively for law enforcement purposes." Consequently, the operating funds of the police department are not proportional to the fines, tickets and citations collected, but on a budget established by ordinance by the governing authority as it sees fit.
Having found that the chief of police has general supervisory power over the police department, this office found this supervisory power includes "the scheduling of the work shifts of all members of the police department." It was further observed that the chief of police as an elected official is not required to establish specific working hours, but serves on a full-time basis. Atty. Gen. Op. Nos. 95-13, 90-316, 87-696.
You indicate that when your men, who are paid hourly, work overtime by replacing someone on vacation or sick leave, the mayor and council refuse to pay the department overtime although other town employees are paid overtime. You state the morale is suffering and this policy is resented by the department, and a ruling by this office is needed.
This office has found that law enforcement and fire protection employees are not governed by that section of the Federal Fair Labor Standards Act that provides for payment of time and a half for time worked in excess of forty hours, but are governed by 29 U.S.C. § 207 (K). Pursuant to this provisions, whether your officers qualify for overtime will depend upon the amount of time they worked over 171 hours in a 28 day period. Also, the Fair Labor Standards Act allows employees of a political subdivision of a state to receive in lieu of overtime compensation, compensatory time off at a rate of not less than one and one-half for each hour of employment for which overtime compensation is required when an agreement exists before the overtime was performed that there be compensatory time in lieu of cash payment.
Therefore, as law enforcement officers your men are not subject to the same provisions of other town employees for overtime, and if they are due any overtime, it will have to be calculated on the basis of work hours in a 28 day period over 171 hours. However, this office has consistently stated that an elected Chief of Police cannot be paid for overtime work. Atty. Gen. Op. Nos. 96-389, 96-88, 79-848.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General